UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT THEIL, | Case No. 2:25-cv-00044-APG-MDC |
| Petitioner, | **Order Granting, in Part, Motion to Dismiss** |
| v. | [ECF No. 23] |
| WARDEN BRIAN FOSTER, et al., | |
| Respondents. | |

Petitioner Brett Theil, a Nevada prisoner, has filed a counseled Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. The respondents have moved to dismiss the petition. ECF No. 23. For the reasons discussed below, I grant the motion to dismiss, in part.

**I.    PROCEDURAL HISTORY**

A jury found Theil guilty of six counts of first-degree kidnapping of a minor, five counts of lewdness with a child under the age of 14, six counts of sexual assault with a minor under the age of 14, four counts of sexual assault with a minor under the age of 16, four counts of sexual assault, and three counts of child abuse, neglect, or endangerment. ECF No. 12-50. Theil was sentenced to an aggregate term of life with eligibility for parole after 373 years. *Id*. Theil appealed, and the Supreme Court of Nevada affirmed on February 16, 2021. ECF No. 13-30. Remittitur issued on March 15, 2021. ECF No. 13-31.

Theil filed a petition for writ of habeas corpus in state court on June 18, 2021. ECF No. 13-33. The state court denied the petition on December 28, 2022. ECF No. 13-43. Theil appealed, and the Nevada Court of Appeals affirmed on May 1, 2024. ECF No. 13-61. Remittitur issued on May 28, 2024. ECF No. 13-62.

## II.      DISCUSSION

In Theil's petition, he raises the following grounds for relief:

(1a) his appellate counsel failed to attach proper appendices to his direct appeal,

(1b) his appellate counsel failed to consider additional modes of appeal,

(2a) his trial counsel failed to properly respond to objections regarding hearsay,

(2b) his trial counsel failed to properly respond to objections regarding speculation,

(2c) his trial counsel's cumulative failures regarding objections warrant relief,

(3) his trial counsel chose a defense theory which had no likelihood of success,

(4) his trial counsel was ineffective for presenting contradicting defense theories,

(5) his trial counsel failed to properly notice opposing counsel regarding expert testimony, and

(6) there were cumulative errors warranting relief.

ECF No. 1.  The respondents argue that grounds 1b, 2b, 2c, 4, and 6 are unexhausted and ground 6 is not cognizable. ECF No. 23.

### A.      Exhaustion

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  A claim has been fully and fairly presented when a petitioner presented the substantial equivalent of his federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971).  The state

courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

Turning first to ground 1b, the respondents argue that Theil presents a different legal claim than the one he presented to the Nevada state courts; namely, here he argues the ineffective assistance of appellate counsel whereas he previously argued that the trial court had erred. ECF No. 23 at 7. In ground 1b, Theil alleges that his appellate counsel was ineffective for failing to consider additional modes of appeal. ECF No. 1 at 11. Specifically, Theil alleges that his appellate counsel should have raised the following: (1) issues regarding the biased jury panel, (2) issues regarding prior inconsistent statements, (3) issues regarding prior consistent statements, (4) issues regarding text messages sent between him and the victim, and (5) the admittance of the suicide note. *Id*. at 18–19.

In his opening brief on the appeal of the denial of his state habeas petition, Theil argued that his appellate counsel was ineffective for failing "to make cogent arguments, cite supporting authority, and . . . include much of the evidence . . . in the appendices of the direct appeal." ECF No. 13-54 at 42–45. Notably, this section of Theil's opening brief did not mention claims that his appellate counsel failed to bring. *See id*. Earlier in his opening brief, though, Thiel argued that "[t]he district court [deciding his state habeas petition] erred when it declined to consider issues which should have been raised on direct appeal." *Id*. at 29. To avoid the prohibition on bringing claims on postconviction review that should have been brought during direct review under NRS 34.810(1)(b), Theil contended that the ineffective assistance of his appellate counsel demonstrates good cause to overcome this bar. *Id*. at 29–30.

Although Theil's ineffective assistance of appellate counsel claim in ground 1b is related to the underlying substantive claims he presented to the Nevada appellate courts on appeal during his postconviction proceedings, he did not fairly present the ineffective assistance of appellate counsel claim to the state courts. *See, e.g., Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) ("Here, although Rose's Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel. While admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts."). Rather, Theil merely discussed his ineffective assistance of appellate counsel claim in terms of cause to avoid a procedural bar, which fails to meet the requirement that a petitioner must have "explicitly alerted the court she was making a federal constitutional *claim*." *Galvan v. Alaska Dept. of Corrections*, 397 F.3d 1198, 1205 (9th Cir. 2005) (emphasis added). This conclusion that Theil's ineffective assistance of appellate counsel claim was not fairly presented to the Nevada appellate courts is supported by the fact that Theil did not reference the Sixth Amendment within this section of his opening brief. *See Baldwin v. Reese*, 541 U.S. 27, 29–31 (2004). I find that ground 1b is unexhausted.[1]

Turning next to ground 2b and 2c, Theil argues, respectively, that his trial counsel failed to properly respond to objections regarding speculation and ruined his credibility by raising an abundance of objections. ECF No. 1 at 24. Theil contends that his claim in ground 2a—that his

---

[1] The respondents contend, in the alternative, that "[t]o the extent that this Court finds Ground 1(B) exhausted, . . . the substantive claim is procedurally defaulted." ECF No. 23 at 9. Because I have concluded that ground 1b is unexhausted and because Theil does not argue that it should be considered technically exhausted, I need not consider the respondents' argument regarding procedural default.

4

trial counsel was ineffective for failing to properly respond to hearsay objections—encompasses grounds 2b and 2c because his claim in ground 2a included his trial counsel's lack of a general understanding of evidentiary principles. ECF No. 27 at 4. I disagree. Theil reads his claim in ground 2a too broadly. Theil's claim presented to the state courts focused entirely on hearsay objections, explaining that his trial counsel had a "complete lack of understanding of the rule of hearsay and its exceptions." *See* ECF No. 13-54 at 33–35. Because this claim cannot be interpreted as including his trial counsel's failures regarding all evidentiary issues, I find grounds 2b and 2c to be unexhausted.

Turning to ground 4, Theil argues that his counsel was ineffective for presenting contradicting defense theories. ECF No. 1 at 29. Specifically, Theil contends that his "[t]rial counsel's original case theory of fabrication, that K.H. made up all the allegations against [him], is in direct contradiction with the second case theory of false memories." *Id*. at 30. Theil argues that ground 4 is exhausted, citing his supplemental habeas petition to the state district court. ECF No. 27 at 5 (citing ECF No. 13-38 at 45). Although Theil's argument to the state district court more thoroughly briefed this issue, his opening brief to the Nevada appellate courts merely provided the following: "[trial counsel]'s trial theories ranged from inconsistent and contradictory, to entirely irrelevant and nonsensical." ECF No. 13-54 at 36. Nonetheless, regardless of the vagueness of Theil's argument, the Nevada Court of Appeals considered the issue, stating, "[t]o the extent Theil contends counsel presented the inconsistent theories of false memory and fabrication, this claim fails for the reasons discussed in the next issue." ECF No. 13-61 at 4 n.1. I find ground 4 to be exhausted.

Turning to ground 6, Theil argues that "the lower court erred when it denied [his] request for a new trial for cumulative error." ECF No. 1 at 36. Theil acknowledges that Ninth Circuit

has held that a cumulative error claim must be exhausted, but he argues that this court should instead adopt the test of the Fifth Circuit, which determined that cumulative error is merely a way by which prejudice analysis may be undertaken, meaning it need not be exhausted. ECF No. 27 at 7. I cannot ignore Ninth Circuit precedent, so I find that ground 6 is unexhausted.

### B. Cognizable claim

AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

The respondents contend that a cumulative error claim is not cognizable. ECF No. 23 at 10. The Ninth Circuit has held that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). Accordingly, I find that ground 6 is cognizable.

### C. Mixed petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id*. Because Theil's petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of his unexhausted grounds; (2) file a motion to dismiss the

entire petition without prejudice in order to return to state court to exhaust the unexhausted grounds; and/or (3) file a motion for other appropriate relief.

## III.   CONCLUSION

I THEREFORE ORDER that the motion to dismiss **(ECF No. 23) is granted, in part.** Grounds 1b, 2b, 2c, and 6 are unexhausted.

I FURTHER ORDER that Theil has until **October 16, 2025** to inform the court how he wishes to proceed with his mixed petition as outlined in this Order. If Theil chooses to file a motion for a stay and abeyance or seek other appropriate relief, the respondents may respond according to Local Rule 7-2.

Dated: September 12, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE